UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Pamela D. Holmes | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Annett Holdings, Inc. and | ) |
| TMC Transportation, LLC | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

## INTRODUCTION

1.      Plaintiff, Pamela D. Holmes (hereinafter referred to as "Plaintiff"), brings this action to seek redress against the Defendant, Annett Holdings Inc. TMC Transportation (hereinafter referred to as "Defendant") for damages sought against it pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000(e) (hereinafter "Title VII) respectfully and avers as follows:

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 2000e (5), this being a proceeding to enforce rights and remedies secured under Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. 2000e et.seq. This court also has pendent and supplementary jurisdiction over so much of this action as is based on state law.

3.      Venue is proper in the Columbia Division because the Causes of Action arose therein, the acts and practices complained of occurred there and it is where the Defendants do business and may be found.

## PARTIES

4.      Plaintiff is an African American female citizen of the United States and resides in Columbia, South Carolina. Plaintiff began her employment with Defendants. in August of 2017.

5.      Defendant Annett Holdiings, Inc. is a Transportation Company legally organized under the laws of Iowa. Upon information and belief, Defendant does business throughout the State of South Carolina.

6.      Defendant TMC Transportation, LLC is a Transportation Company legally organized under the laws of South Carolina. Upon information and belief, Defendant does business throughout the State of South Carolina.

6.      Upon information and belief, Defendants are employers under Title VII and employ in excess of fifteen (15) employees.

## **CONDITIONS PRECEDENT**

7.      The Plaintiff has exhausted all administrative remedies and conditions precedent, including timeliness, deferral and all other jurisdictional requirements necessary for the maintenance of the foregoing action, all of which are more fully described below.

      a.      On or about November 02, 2020, Plaintiff filed a Charge of Discrimination alleging sex discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC").

      b.      On February 22, 2024, Plaintiff was issued a Notice of Right to Sue from the EEOC.

Plaintiff has timely filed the foregoing action within ninety (90) days of the date on which she received the Notice of Right to Sue described in paragraph 7(b).

## **STATEMENT OF CLAIM**

8.      Plaintiff began her employment with Defendants in August 2017 as a Yard Instructor. During this time period her supervisor was Sam Walker, Yard Supervisor.

9.      Due to Plaintiff's excellent job performance she was promoted to Office Assistant in 2018. Plaintiff enjoyed her job and performed it well. During the course of 2018 her supervisors were Marty White (BM), Training Coordinator and Sam Walker (BM).

10.     Shortly after arriving, at the job Plaintiff began being sexually harassed by John Pigford, Yard Trainer. On a day to day basis, Pigford would intentionally touch Plaintiff, make sexually suggestive comments to Plaintiff, and grab Plaintiff's breasts.

11.     Plaintiff continually made complaints to management on several different occasions in compliance with Defendants' policies and procedures regarding sexual harassment, but Defendants covered up Plaintiff's complaints and stifled her from making further advancements within the company.

12.     During Plaintiff's exit interview from the Yard position to her transition to her Office promotion, Plaintiff stated she was happy to be transitioning away from Pigford due to the sexual harassment that she had been receiving. Unfortunately, Plaintiff was heading for further sexual harassment, discrimination, and mistreatment.

13. Shortly after beginning her position in the Office, Plaintiff became the subject of sex discrimination and sexual harassment by Marty White. Plaintiff worked closely with White on a day to day basis and White would daily require Plaintiff to perform job duties that he did not pay her or give her credit for.

14. Several times a day between January 2019 and January 2020 while Plaintiff was working as an Office Assistant for White, White would routinely flip his penis out and flip it on Plaintiff's desk and state "look how you make me feel". Plaintiff routinely rejected White's advances. This was an act of sexual harassment by Marty White.

15. On a daily basis between January 2019 and January 2020 White made further sexual advances. White would constantly touch Plaintiff and Plaintiff felt pressured to have sex with him at work because she didn't feel she had any other option to keep her employment.

16. On a daily basis between January 2019 and January 2020 White continually stalked Plaintiff and followed her around not just the office but around town. This was an act of sexual harassment.

17. On a daily basis between January 2019 and January 2020 White would require Plaintiff to work unpaid late hours to the exclusion of her male counterparts under his supervision beyond to further his sexual harassment of her.

18. White routinely overwhelmed Plaintiff with a plethora of changing job duties to keep her distracted while he continually made efforts to sexually harass and take advantage of his position of authority over her.

19. Plaintiff informed several other Yard Instructors that she rejected White's advances in a plea for help, but that was to no avail. Plaintiff was fearful to go to White's supervisor Jeff Wisgersof, Manager because White informed Plaintiff that they were close friends and that she would receive no help there and would be retaliated against.

20. On January 18, 2020, Plaintiff informed White that she could no longer take the sexual harassment and hostile work environment. White informed her that she could either be demoted and go back on the yard or be fired. Plaintiff told him that she would not accept a demotion. By threatening to demote her or terminate her, White was retaliating against her for her complaint that she was being sexually harassed.

21. As a result of White's discrimination against Plaintiff she was constructively terminated from her job with Defendants.

22. Plaintiff states that she has exhausted all administrative remedies prior to the filing of this complaint. On November 2, 2020, Plaintiff filed a Charge of Discrimination with the EEOC and on February 22, 2024, Plaintiff was mailed a Notice of Right to Sue.

**FIRST CAUSE OF ACTION**
**Sex Discrimination (Harassment): Title VII of the Civil Rights Act of 1964, as amended 1991, 42 U.S.C. § 2000e et seq.**

21. Each and every allegation contained in the preceding paragraphs is reiterated as if set forth verbatim herein.

22. Plaintiff is a member of a protected group on the basis of her sex. Plaintiff was constructively terminated based on her race in violation of 42 U.S.C. Sec. 1981 and Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. Sec. 2000e) et seq.), the South Carolina Human Affairs Law and the United States Equal Employment Opportunity Act.

23. Plaintiff asserts that the unwanted treatment, harassment and retaliation were a mere pretext for the discrimination against Plaintiff based on her sex.

24. In failing to protect Plaintiff from sex discrimination or retaliation, Defendant acted with malice or reckless indifference to the federally protected rights set out under 42. U.S.C. Sec. 1981 and Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. Sec 2000e et seq.), the South Carolina Human Affairs Law and the United States Equal Employment Opportunity Act.

25. The Defendant violated 42 U.S.C. Sec. 1981 and Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. Sec 2000e et seq.), the South Carolina Human Affairs Law and the United States Equal Employment Opportunity Act by allowing the sex discrimination and retaliation to exist in the workplace.

26. The Defendant's wrongful actions as set forth constituted a hostile work environment for the Plaintiff. Defendant violated 42 U.S.C. Sec. 1981 and Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. Sec 2000e et seq.) by allowing a hostile work environment to exist regarding sex discrimination in the workplace.

27. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. Sec 2000e et seq.) and constituted racial discrimination under 42 U.S.C. Sec. 1981.

28. Plaintiff's sex was a determining factor in the disparate treatment and termination of Plaintiff.

29. Defendants' employment discrimination of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

30. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of the employment discrimination as alleged above.

31. Due to the acts of Defendants, their agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, and payment for lost benefits.

## SECOND CAUSE OF ACTION:
### RETALIATION

32. The Plaintiff reiterates and every allegation contained in the preceding paragraphs is as if set forth verbatim herein.

33. Plaintiff objected to and protested the violations of her federally protected rights, within the Defendant's administrative structure by complaining to other supervisors.

34. After the Plaintiff continually informed White that she could no longer deal with his sexual harassing behavior he constructively terminated her employment.

35. Due to the acts of the Defendants, their agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost wages, and punitive damages.

36. Accordingly, Plaintiff is entitled to compensatory damages in the nature of the value of her lost wages and benefits, front pay, together with interest thereon, as well as liquidated damages, and his reasonable attorney's fees for the bringing of this action.

## JURY TRIAL DEMANDED

49. Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that this Honorable Court declare that the above listed Defendants' actions complained of herein violated the rights guaranteed to the Plaintiff and issues its judgment:

(1) Declaring the actions complained of herein illegal;

(2) In favor of the Plaintiff and against Defendants for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages.

(3) Issuing an injunction enjoining all Defendants, their agents, employees,

successors, attorneys and those acting in concert or participation with all of the Defendant, and at its direction from engaging in the unlawful practices set forth herein and any other employment practices shown to be in violation of Title VII of the Civil Rights Act of 1964 as amended and any other violations.

(4)     Awarding Plaintiff actual compensatory damages for each cause of action contained herein, which the jury should find appropriate as a result of the Defendants' unlawful discriminatory actions taken as a result of sex discrimination and retaliation, including mental anguish, pain and suffering, harm to Plaintiff's economic opportunities, any back pay, front pay, travel hardships and travel expenses, and future earnings with cost of living adjustments, prejudgment interest, fringe benefits, and retirement benefits.

(5)     Awarding Plaintiff his costs and expenses in this action, including reasonable attorney fees, and other litigation expenses; and

(6)     Granting such other and further relief as may be just and necessary to afford complete relief to the Plaintiff as this Court may deem just and proper.

                                RESPECTFULLY BY:

                                s/Aaron V. Wallace
                                Aaron V. Wallace (11469)
                                Wallace Law Firm
                                1501 Main Street, Suite 521
                                Columbia, SC 29201
                                PH 803-766-3997
March 26, 2024                  Fax:839-218-5786